IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30833
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRY WAYNE TOWNLEY,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 91-CR-20008-01
- - - - - - - - - -
February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Terry Wayne Townley was resentenced to 276 months of imprisonment. The parties were directed to brief whether there was a timely filed notice of appeal from the amended judgment.

A timely notice of appeal is necessary to the exercise of appellate jurisdiction. United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998). A convicted defendant has ten days after entry of the judgment of conviction in which to file a notice of

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal therefrom.  See Fed. R. App. P. 4(b)(1)(A)(i).  The notice of appeal by counsel obviously was not filed within such period. Townley's pro se notice of appeal, filed before resentencing, cannot be considered as filed after the entry of judgment because the appeal purportedly was from a court ruling advising the parties that an upward departure was being contemplated, not a final decision of the court.  See United States v. Cooper, 135 F.3d 960, 962-63 (5th Cir. 1998).  Townley filed no document evincing an intent to appeal within the 40-day grace period of Fed. R. App. P. 4(b)(4).  Nor can this court excuse the untimeliness of the notice of appeal based on Townley's letters to the court indicating that his attorney failed to file a notice of appeal.  This court has no authority to enlarge the time for filing the notice of appeal.  See Fed. R. App. P. 26(b)(1).  If counsel rendered ineffective assistance for failing to file a notice of appeal, Townley's remedy would have been to seek an out-of-time appeal in the district court pursuant to 28 U.S.C. § 2255.  See Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).

APPEAL DISMISSED.